UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

YALE LARRY BALCAR                                                    PETITIONER

v.                                            CIVIL ACTION NO. 3:16CV-P632-GNS

WARDEN AARON SMITH et al.                                           RESPONDENTS

### MEMORANDUM OPINION

Petitioner, Yale Larry Balcar, has filed a petition under 28 U.S.C. § 2241 for a writ of habeas corpus.  The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  Rule 4, Rules Governing § 2254 Cases.[1]  If so, the petition must be summarily dismissed.  *Id.*; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that a district court has the duty to "screen out" petitions that lack merit on their face).  After undertaking the review required by Rule 4, the Court concludes that Petitioner should have brought this habeas corpus action under 28 U.S.C. § 2254 rather than § 2241 and will dismiss the § 2241 petition without prejudice.

### I.

Petitioner is incarcerated at the Kentucky State Reformatory.  He states that his petition is challenging "conviction and double jeopardy" in his state court case 13-CR-0998.  He states that he did not appeal the state trial court judgment because his attorney told him there was no appeal "or remedies on this case at all."  As relief he asks for a "full investigation . . . for a full report on these bad check to get charges drop" and to overturn his conviction and be released from prison.

---

[1] Though this petition is brought under § 2241 rather than 28 U.S.C. § 2254, the Court may apply the Rules Governing § 2254 Cases to any petition seeking habeas corpus relief.  *See* Rule 1(b), Rules Governing § 2254 Cases. Thus, the Court may apply Rule 4 to this case.

He also asks for $1,000,000 from Jefferson County for compensatory damages and $1,000,000 in punitive damages for being falsely imprisoned.

## II.

Although Petitioner brings his habeas petition pursuant to § 2241, because he is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, his claims related to state-court case No. 13-CR-0998 are more properly characterized under § 2254. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006).

Petitioner should have filed his action under § 2254, and the Court will not re-characterize the petition under § 2254. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004); *Warren v. Miller*, No. 1:05-cv651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (dismissing § 2241 petition without prejudice instead of converting to petition under § 2254). The Court will dismiss this action without prejudice to avoid any adverse consequences with respect to any § 2254 claim Petitioner may file in the future. *Id*.

## III.

Petitioner also asks for monetary and punitive damages for being falsely imprisoned. Such requests for relief need to be brought as a 42 U.S.C. § 1983 action. The Clerk of Court is **DIRECTED** to send to Petitioner this Court's § 1983 packet.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial

showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: December 29, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
            1024 Capital Center Drive, Frankfort, KY 40601
4416.009